Rodney Charles Eiland
Name and Prisoner/Booking Number

Golden State MCCF
Place of Confinement

611 Frontage Road
Mailing Address

McFarland, Calif. 93250
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED
APR 26 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Rodney Charles Eiland
(Full Name of Plaintiff)        Plaintiff,

v.

(John and/or Jane Doe)
(1) Sacramento County Main Jail Medical Facility,
(Full Name of Defendant)
(2) UC Davis Hospital / John and/or Jane Doe,
(3) Sacramento County Main Jail / John and/or Jane Doe,
(4) San Joaquin General Hospital / John and/or Jane Doe
Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

2:18 - CV 1042   KJN PC

CASE NO. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: Sacramento County Main Jail / Sacramento, Ca.
   UC Davis Hospital / Sacramento, Ca.
   San Joaquin General Hospital, Ca. (Stockton Ca.)

Revised 3/15/2016                           1

## B. DEFENDANTS

1. Name of first Defendant: __John and/or Jane Doe__. The first Defendant is employed as: __Physicians/Other__ at __UC Davis Hospital, Sacramento, Ca.__
   (Position and Title) (Institution)

2. Name of second Defendant: __John and/or Jane Doe__. The second Defendant is employed as: __Physicians/Supervisor__ at __Sacramento County Main Jail, Sacramento, Ca.__
   (Position and Title) (Institution)

3. Name of third Defendant: __John and/or Jane Doe__. The third Defendant is employed as: __Physicians/Supervisor__ at __UC Davis Hospital, Sacramento, Ca.__
   (Position and Title) (Institution)

4. Name of fourth Defendant: __John and/or Jane Doe__. The fourth Defendant is employed as: __Physicians/Nurses/Sheriffs__ at __Sacramento County Main Jail, Sacramento, Ca.__
   (Position and Title) (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☐ Yes   ☒ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____.

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____.

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

(Cont. from page 2)    Pg 2-A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Rodney Charles Eiland - Plaintiff

v.

Sacramento County Main Jail / Medical Facility / John and/or Jane Doe

UC Davis Hospital / John and/or Jane Doe

San Joaquin General Hospital / John Doe and/or Jane Doe

B. DEFENDANTS

5. Name of fifth Defendant: John and/or Jane Doe; The fifth Defendant is employed as: Surgeon/Specialist at San Joaquin General Hospital

C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? NO

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: Under section 42 U.S.C. § 1983 acting under "Color of State Law" knowingly denied reasonably adequate medical care and possible "Deliberate Indifference". employee of UC Davis Hospitals.

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On or about May 5th, 2016 I was playing basketball at Sacramento County Main Jail during yard release. While attempting a long distance jumpshot I felt a thrashing "POP" between my left ankle and calf area. I immediately limped to the sideline in pain. Being athletic my first assumption was I'd pulled a muscle or similar, but after yard recall I realized the pain increased and swelling occurred. I alerted the Sheriff Officer on duty and soon sent to jail medical facility for observation. A few hours later I was transported to UC Davis Hospital for further observation and test. During registration I was asked what level pain 1 to 10 I was experiencing and if I wanted Norco pills for the pain. Level of pain being in fluctuation of 7 to 10 over several hours, I declined not wanting the burden of pain pill dependancy at that time. After x-rays and ultrasound testing, I was informed that a nearly 100% achilles tear was found between the left ankle and calf area. Out of concern for my career as an electrician I immediately inquired about the healing process and informed by test tech that the results would be examined by the doctor and a recommendation made. While awaiting physician's comments/recommendation a different (female) registration employee approached transport Sheriff Officers in the hallway, where we waited to see the doctor. She began inquiring about my reason for incarceration (alleged charges at the time). After some notation she disappeared, 20 minutes later a nurse (I believe) came out with a boot and shims, another brought crutches. Inquisitive of doctor's translated recommendation I was informed I'd have a 100% recovery. I never made it from the hallway to exam room for physician consultation.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   Recommendation common (very) to my achillis injury was inpatient surgery not a boot, shims and crutches. (See further claims.) I believe my alleged charges of _____ created a discriminatory "Deliberate Indifference" which resulted in outpatient recommendation, leaving my achilles wrongfully treated and left to heal defective.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☒ No
   b. Did you submit a request for administrative relief on Claim I?   ☐ Yes   ☒ No
   c. Did you appeal your request for relief on Claim I to the highest level?   ☐ Yes   ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. During the process I trusted the inquiry answers up until a conflict between UC Davis Hospital and Sacramento Main Jail Medical Facility ensued concerning my need for surgery while being questioned by main jail medical facility staff member.

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: <u>Under section 42 U.S.C. § 1983 acting under "Color of State Law" employee of Sacramento County Main Jail caused the "deprivation of my federal right to reasonable adequate medical care for serious medical needs. Denial and/or delay left injury defective.</u>

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   ☐ Basic necessities ☐ Mail ☐ Access to the court ☒ Medical care
   ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On or about May 5th, 2016 I was transported from UC Davis Hospital back to Sacramento Main Jail and immediately rehoused to Medical Pod (2nd flr). Several days later I received follow-up exams from main jail physician. The elderly male physician asked if, "I denied surgery?" I replied; "it was not offered." He then explained that in his professional career, he had never seen an achillis tear that had not been surgically repaired in more than 40 years with one exception. A model denied surgery apparently to avoid scarring I was told. Days later a main jail medical staff member interviewed me concerning UC Davis Hospital staff verbage about recommendation. He then offered (after voicing concern and grievance request) information saying his supervisor and UC Davis Hospital were having a heated debate over their decision/recommendation and why it was made (name may be Karen). I was asked please not add his name and sent back to med pod with assurance they're working on it. Because of experienced (Main Jail) physician's concern for my surgical need (I believe), they eventually transported me to San Joaquin General Hospital to see a specialist who examined my injury by performing a "Thompson test", which entailed squeezing my calf in search of foot/ankle area movement; "it failed"! After some timeline questions about the injury and present non-surgical healing process, he scheduled a follow-up for re-exam. At that re-exam appointment the specialist stated; "We will be scheduling you for surgery on your achillis next week"! The transport Sheriff (male) replied; "procedures won't allow a specific date without confirmed authorization". I didn't see specialist again for I believe 6 to 8 weeks. At that time he informed me of the devastating prognostication! My opportunity for pre-healed surgical repair was gone and the achillis injury healed defective! After inquiry the specialist advised me to keep the cane, also after discribing the different more complicated surgery and heightened risk post-healed defective, advised not to have surgery of that magnitude while incarcerated for several reasons including special needs of prevention from losing foot as a whole.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Denial or delay of access to urgent treatment causing/posing an unreasonable risk of more serious damage to my future health and career stability as a Journeyman Electrician. Also extending the pain and suffering, necessity for medical supply support and inability to sustain previous quality of life.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☒ No
   b. Did you submit a request for administrative relief on Claim II? ☐ Yes ☒ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. <u>Any and all grievance attempts were met with verbal response "what I believed to be reasonable of sort to my knowledge" at the time"</u>

4

# CLAIM III

1. State the constitutional or other federal civil right that was violated: Under "Color of State Law" Sacramento County Sheriff's mentioned created "Deliberate Indifference" in their actions and inactive behavior, Sacramento County Main Jail Med staff employee created "Negligence and Malpractice" in her medical decision and diagnoses.

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On or about Oct. 16th, 2016 I was transferred out of the medical pod (2nd flr) of Main Jail to general population (protective custody) 3rd flr because of overcrowding and given a lower bunk/lower tier chrono. That move created medical limitations and insufficient medical observation the first month or so. I began encountering severe pain and inflammation from my ankle (L) area down to toes. I alerted Sheriff Officer Walden who shunned me with; "today is Sunday so staff is short, wait until tomorrow", this occured during his hourly walkthrough with all inmates housed in their cells. Within minutes of Officer Walden returning to "Control Center" I pushed the 911 cell button and emphasized about the excruciating pain I was suffering and need to see medical staff. His response; "I'll call them when I get a chance"! An hour passed and a second on duty Sheriff Officer named Tam (male) was alerted while performing walkthrough. His response; "I'll check on the call"! Minutes later he (Tam) announced over the cell intercom that medical was alerted and they were awaiting response. There was a total of 3 hours from initial alert before I was called out of my cell to medical. Though both the medical staff and Officers on duty knew my foot was in serious pain and I walked with a cane, there was no assistance from 3rd flr pod to 2nd flr medical facility or back, even though I hobbled obviously in serious pain. Later Officer Tam commented on his observation of my journey and I quote; "You looked in so much pain, I thought you were going to have to crawl to medical"! Said in my opinion with complete sincerity. Upon arrival to the 2nd flr medical department, I was sat at the nurses station, given Ibuprofen for pain and inflammation (2 pills) and sent back to my cell. (Cont. to 5A)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   I find Sacramento County Main Jail Medical Facility to have "System Deficiencies" causing me great unnecessary pain and suffering. Sheriff Walden, Sheriff Tam & Medical staff exercised "Deliberate Indifferences" by ignoring my obvious symptoms of great pain, delaying medical care and NOT offering assistance to and from Medical.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☒ No
   b. Did you submit a request for administrative relief on Claim III? ☐ Yes ☒ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Overwhelmed with anxiety over the multitude of events that threatened my freedom, my health, my marriage, my integrity and home as a whole, I mentally and emotionally had no fight left in me at the time. I turned to my Lord and Savior Jesus Christ to help me through it all.

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

5

cont. from pg #5    PAGE 5-A

In the United States District Court

for the Eastern District of California


Rodney Charles Eiland - Plaintiff

v.

(1) Sacramento County Main Jail Medical Facility (John and/or Jane Doe - Defendants)
(2) UC Davis Hospital (John and/or Jane Doe) - Defendants
(3) San Joaquin General Hospital (John and/or Jane Doe - Defendants)

Supporting facts.

The following pill call I filled out a medical request form concerning pain in left foot area. The next day I was seen by female physician who diagnosed my pain and swelling as possible "Gout", took blood for analysis but before the results returned gave me (she) a 10-day medicine name unknown, but recorded. After 3 days a follow-up physician (female) call me into medical, alarmed about how many doses I'd taken, quoting "the previous physician mistakenly gave you the wrong medicine that could "Kill you"". She stopped the meds and informed me that my "Gout" test results were negative and prescribed pain reliever. I was also given a chrono for a wheelchair to visits and appointments which never happen. At no time was I able to return to medical floor for closer observation.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

I seek relief for each year left this injury interrupts my career until retirement equally 8 years X $64,480.00 = $515,840.00 and ~~punitive~~ damages for pain and suffering to the sum of $350,000.00. The total relief requested is $865,840.00.

IBEW Journeyman Electrician Local 716 Houston, Texas (Licensed)

$31.00 hrly after reduction of pension ect. $31.00 x 40 = $1,240 x 52 = $64,480 x 8 = $515,840.00
compensatory $350,000.00
Total = $865,840.00

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 16TH, 2018
DATE

[signature] "PRO SE"
SIGNATURE OF PLAINTIFF

Rodney Charles Eiland "PRO SE"
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

None (Need an attorney)
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.