UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY CHARLES EILAND, | No. 2:18-cv-1042 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| JOHN AND/OR JANE DOE, et al., | |
| Defendants. | |

I. <u>Introduction</u>

Plaintiff is a prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As set forth below, plaintiff's complaint is dismissed with leave to amend.

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

On or about May 5, 2016, while playing basketball at the Sacramento County Jail, plaintiff suffered a nearly 100% Achilles tear between his left ankle and calf area. After a brief delay, plaintiff was sent to the jail medical facility for observation, and a few hours later transported to U.C. Davis Hospital. After x-rays and ultrasound testing, plaintiff was informed of the tear, after which plaintiff inquired about the healing process because he was concerned about his career as an electrician, and he was told that he would be examined by a doctor and a recommendation would be made. A different female registration employee approached the Sheriff transport officers and began inquiring about plaintiff's pending charges. She made some notations, then left. About 20 minutes later, a nurse came out with a boot and shims, and another brought crutches. After inquiry, plaintiff was told he would have a 100% recovery; he did not receive the physician consult. Plaintiff argues that the proper treatment for his Achilles injury was surgical repair, not a boot, shims and crutches, and that he was denied surgery because of the nature of his pending criminal charges constituting deliberate indifference and discrimination.

Plaintiff was returned to the Sacramento County Main Jail medical pod the same day. Several days later, he was examined by an elderly male physician who inquired whether plaintiff refused surgery. Plaintiff replied that surgery was not offered. The doctor explained that in his more than 40-year professional career, he had never seen such a bad Achilles tear not be surgically repaired, with one exception (a model concerned about scarring). Days later, a main jail medical staff member interviewed plaintiff, voiced concern, and told plaintiff that a medical supervisor and UC Davis Hospital were having a heated debate over their decision and why it was made (name may be Karen). Plaintiff was returned to the medical pod with assurance "they're

3

working on it." (ECF No. 1 at 5.) Eventually, plaintiff was transported to San Joaquin General Hospital, where a specialist performed a "Thompson Test," which plaintiff failed, and asked plaintiff time-line questions, then scheduled a follow-up re-exam. At the re-exam, the specialist told plaintiff they would be scheduling plaintiff for Achilles surgery the following week. The transport officer replied that a specific date could not be set without confirmed authorization. Plaintiff did not see the specialist again for another 6 to 8 weeks, at which time he was told that his opportunity for pre-healed surgical repair had expired, and the Achilles injury had improperly healed. The specialist further explained that plaintiff should wait until he is out of prison to have the now more complicated surgery because of a heightened risk, which could include losing his left foot. Plaintiff argues that the denial or delay of access to urgent treatment has caused him more serious damage, which will impact his ability to work as a journeyman electrician, and extended his pain and suffering.

In his third and final claim, plaintiff contends that on or about October 16, 2016, he was transferred to general population where he was provided a lower bunk/lower tier chrono. On a Sunday, plaintiff began suffering severe pain and inflammation from his left ankle to his toes. Officer Walden told plaintiff to wait until tomorrow. Plaintiff pushed the 911 cell button and reported his excruciating pain. Officer Tam (male) said he would check, then announced that medical was alerted, and they were awaiting a response. Three hours from the initial alert, plaintiff was released to go to medical, but despite his severe pain and his known cane use, no one assisted him. Plaintiff had to hobble in pain from the third floor pod to the second floor medical facility and back. Plaintiff was given Ibuprofen. Plaintiff argues that Officers Walden, Tam and medical staff were deliberately indifferent by ignoring his obvious great pain, delaying medical care, and not offering assistance to and from medical. (ECF No. 1 at 6.) Plaintiff also claims that at the following pill call, a female physician diagnosed plaintiff's pain and swelling as possible gout, and gave plaintiff a 10-day medication. After three days, a different female physician called plaintiff into medical, alarmed about how many doses plaintiff had taken, and told him the previous physician mistakenly gave you the wrong medicine that could "kill you!" (ECF No. 1 at 7.) Plaintiff's test results for gout were negative and plaintiff was prescribed a pain reliever, and

4

given a chrono for a wheelchair to visits and appointments, which he claims never happened.

IV. Discussion

    A. Doe Defendants

Plaintiff provides no named defendants in connection with claims one and two.

The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

Here, plaintiff does not identify each defendant doe in connection with his or her alleged act or omission which plaintiff contends violated his constitutional rights. This lack of information is insufficient to put prospective defendants on notice of their alleged actions or omissions that plaintiff claims violated his federal rights. In order to link these doe defendants to the alleged acts or omissions that demonstrate a violation of plaintiff's constitutional rights, plaintiff is granted leave to amend, to either name the defendants involved, or list the doe defendants involved. If plaintiff can only list these defendants as Does, plaintiff must identify the Doe as best as possible, and allege specific acts that each doe defendant did, such as "John Doe 1 did X" and "John Does 2 and 3 did Y." Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For example, plaintiff might name Jane Doe, UCD female registration staff person, Sacramento, and allege she inquired as to plaintiff's pending criminal charges which resulted in plaintiff being sent away without surgery.

In addition, plaintiff should have access to his medical records which may contain medical records that would assist him in identifying particular individuals he seeks to name as defendants. Plaintiff should take steps to investigate and determine who released him from U.C. Davis without a physician's consult. The court is unable to order service of process on an individual without the individual's name.

B. Alleged Denial of Medical Care

The Ninth Circuit has recently clarified the standards governing medical care claims raised by pretrial detainees:

> [T]he elements of a pretrial detainee's medical care claims against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate the risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. Apr. 30, 2018). Thus, plaintiff's claims are governed by a two-part analysis that requires plaintiff to identify the intentional decision or conduct which put plaintiff at substantial risk of serious harm and evaluates each defendant's response to that harm through an objective, rather than subjective, lens. "[T]he defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (*en banc*), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831 (2017). The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Castro, 833 F.3d at 1071.

With regard to plaintiff's first and second claims, as set forth above, plaintiff must specifically identify the intentional decision or conduct of each doe defendant, and evaluate each doe defendant's response to the substantial risk of harm. In the instant complaint, plaintiff has not done so. It is unclear which individuals plaintiff believed violated his constitutional rights.

As to the third claim, it appears plaintiff may be able to state a claim against Officer Walden, based on his alleged refusal to allow plaintiff to seek medical care on Sunday, and subjecting plaintiff to further delay and additional pain. But Officer Tam responded to plaintiff's request and called medical on his behalf. Plaintiff alleges no facts demonstrating that defendant Tam intentionally delayed plaintiff's receipt of medical care on October 16, 2016. On the other hand, plaintiff may state a cognizable claim based on his allegation that defendant Tam refused to

assist plaintiff in going to medical, despite knowing plaintiff used a cane and was complaining of excruciating ankle and foot pain, and witnessed him hobbling in pain, and then commented on it. Such facts suggest defendant Tam intentionally put plaintiff at risk of suffering additional pain. Plaintiff should renew these claims in any amended complaint.

By contrast, plaintiff's claim concerning the female physician who allegedly misdiagnosed plaintiff's pain and swelling as gout, and prescribed a drug he should not have taken for three days, fails to rise to the level of a due process violation. Rather, the misdiagnosis and the short period of time plaintiff took the drug, constitutes mere lack of due care or negligence. Plaintiff should not include such claim in any amended complaint.

### C. Alleged Failure to Protect

It is unclear whether plaintiff intended to raise a failure to protect claim, which also applies an objective standard. Therefore, the court provides plaintiff the governing standards.

> [T]he elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:
>
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro, 833 F.3d at 1071 (interpreting Kingsley v. Castro, 833 F.3d 1060, 1069 (2015)).

### D. Alleged Negligence/Medical Malpractice

Plaintiff includes allegations of negligence and medical malpractice. However, plaintiff must "prove more than negligence" to state a due process violation. Gordon, 888 F.3d at 1125. Thus, allegations of negligence or medical malpractice are insufficient to state a federal civil rights claim.

////

But even if plaintiff intended to assert a pendant state law claim of negligence, the claim would fail because he does not plead compliance with the California Torts Claims Act ("Act"). The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). Timely claim presentation is not merely a procedural requirement of the Act but is an element of a plaintiff's cause of action. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. Id. The requirement that a plaintiff asserting claims subject to the Act must affirmatively allege compliance with the claims filing requirement applies in federal court as well. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

V. Leave to Amend

Accordingly, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).[1]

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith,

A prisoner may bring no civil rights action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

---

507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

9

b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: June 5, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/elia1042.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY CHARLES EILAND,<br><br>Plaintiff,<br><br>v.<br><br>JOHN AND/OR JANE DOE, et al.,<br><br>Defendants. | No. 2:18-cv-1042 MCE KJN P<br><br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____    Amended Complaint

DATED:

_____
Plaintiff