UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY CHARLES EILAND,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY MAIN JAIL MEDICAL FACILITY, et al.,<br><br>Defendants. | No. 2:18-cv-1042 MCE KJN P<br><br>ORDER REFERRING CASE TO POST-SCREENING ADR PROJECT AND STAYING CASE FOR 120 DAYS |

Plaintiff is a state prisoner, proceeding without counsel. The U.S. Marshal has accomplished service of process on defendants Tam and Walden.

The undersigned is referring all post-screening civil rights cases filed by pro se inmates to the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to resolve such cases more expeditiously and less expensively. Defense counsel from the Office of the California Attorney General has agreed to participate in this pilot project. No defenses or objections shall be waived by their participation.

As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights claim. Thus, the court stays this action for a period of 120 days to allow the parties to investigate plaintiff's claims, meet and confer, and then participate in a settlement conference.

////

1

There is a presumption that all post-screening civil rights cases assigned to the undersigned will proceed to settlement conference.[1] However, if after investigating plaintiff's claims and speaking with plaintiff, and after conferring with defense counsel's supervisor, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of this pilot project.

By filing the attached notice within thirty days, the parties shall notify the court whether they waive disqualification for the undersigned to hold the settlement conference or whether they request a different judge. Plaintiff shall also indicate his preference to appear in person or by videoconference, if available. Failure to timely file such notice will result in the case being set for settlement conference before a different judge.

Within thirty days, the assigned Deputy Attorney General shall contact the Courtroom Deputy, Alexandra Waldrop, at (916) 930-4187, to schedule the settlement conference. If difficulties arise in scheduling the settlement conference due to the court's calendar, the parties may seek an extension of the initial 120 day stay.

Once the settlement conference is scheduled, at least seven days prior to conference, the parties shall submit to the assigned settlement judge a confidential settlement conference statement. The parties' confidential settlement conference statement shall include the following: (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made to settle the case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action is stayed for 120 days to allow the parties an opportunity to settle their dispute before a responsive pleading is filed, or the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this

////

---

[1] If the case does not settle, the court will set a date for the filing of a responsive pleading at the conference.

2

case during the stay of this action. The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.

2. Within thirty days from the date of this order, the parties shall file the attached notice, informing the court whether they waive disqualification for the undersigned to hold the settlement conference, or whether they choose to have the settlement conference held by a different judge.

3. Within thirty days from the date of this order, the assigned Deputy Attorney General shall contact this court's Courtroom Deputy, Alexandra Waldrop, at (916) 930-4187, to schedule the settlement conference.

4. At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to the judge assigned for settlement.

5. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

6. The Clerk of the Court shall serve copies of (a) plaintiff's amended complaint (ECF No. 12), (b) the screening order (ECF No. 16), and (c) the instant order, on Supervising Deputy Attorney General Christopher Becker.

7. The parties remain obligated to keep the court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." See L.R. 182(f).

Dated: February 7, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/eila1042.adr.post.usm.kjn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY CHARLES EILAND,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY MAIN JAIL MEDICAL FACILITY, et al.,<br><br>　　　　　　Defendants. | No. 2:18-cv-1042 MCE KJN P<br><br>NOTICE RE: JUDGE ELECTION FOR SETTLEMENT CONFERENCE (POST-SCREENING ADR PROJECT) |

1. As required by court order, the parties notify the court of the following election:

　　____ Pursuant to Local Rule 270(b) of the Eastern District of California, the party signing below affirmatively requests that the assigned Magistrate Judge participate in the settlement conference and, further, waives any claim of disqualification of the assigned Magistrate Judge on that basis thereafter. This waiver is not to be construed as consent to the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(c)(1).

　　　　**OR**

　　____ The party signing below requests that a different judge hold the settlement conference.

**AND**

2. Plaintiff indicates his preference by checking one:

_____ Plaintiff would like to participate in the settlement conference in person.

**OR**

_____ Plaintiff would like to participate in the settlement conference by video conference.

DATED:

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Plaintiff or Counsel for Defendants

1