UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY CHARLES EILAND, | No. 2:18-cv-1042 MCE KJN P |
| Plaintiff, | |
| v. | ORDER AND REVISED SCHEDULING ORDER |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a former jail inmate, proceeding pro se and in forma pauperis. This action proceeds on plaintiff's medical claims against defendants Walden and Tam resulting from an injury plaintiff sustained on or about May 5, 2016, while playing basketball at the Sacramento County Main Jail. On July 8, 2019, plaintiff filed an amended motion for stay, notifying the court of his impending parole, and requesting that this action be stayed, including the deadline to complete discovery, to allow plaintiff an opportunity to adjust to parole and attempt to obtain counsel or other legal assistance. On July 8, 2019, plaintiff also filed a notice of change of address, reflecting his release on parole from the Golden State Modified Correctional Facility. (ECF No. 33.)

Defendants oppose the motion, and counsel declares that defendants sent plaintiff discovery requests on April 24, 2019, plaintiff responded on June 4, 2019, and plaintiff was deposed on June 13, 2019. (ECF No. 35-1 at 1.) Defendants contend that plaintiff fails to

1

demonstrate that the governing factors weigh in favor of a stay.  Defendants argue that compliance with parole terms is irrelevant, and delay of these proceedings prejudices defendants' rights to an expeditious end to this litigation.  (ECF No. 35 at 3.)  Further, defendants argue that plaintiff has successfully litigated this action to date, so his inability to retain counsel also does not justify a stay.

A district court may stay proceedings in the exercise of its authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for [the] litigants."  Landis v. N. Am. Co., 299 U.S. 248 (1936).  A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  Nken v. Holder, 556 U.S. 418, 433-34 (2009).  Motions to stay are analogous to requests for preliminary injunctive relief, and the analysis is similar.  Id. at 426 (considering (1) likelihood of success on the merits, (2) likelihood of irreparable harm, (3) potential impairment to opposing party's interest in the proceedings, and (4) public interest considerations).

Here, plaintiff did not address the Landis factors.  Thus, the court is unable to determine the likelihood of success on the merits or irreparable harm.  Under the March 25, 2019 discovery and scheduling order, discovery closed July 12, 2019.  At the time plaintiff first submitted his motion to stay, he was in custody and defendants had propounded discovery and noticed plaintiff's deposition.  Plaintiff has been deposed and responded to defendants' discovery requests.  In his motion signed July 8, 2019, plaintiff states that he was advised by prison staff that "discovery will be vital" but that given the number of inmates, staff did not have the time to assist plaintiff in completing discovery before the deadline.  But plaintiff did not identify the discovery he believes he needs to propound or explain his delay in attempting to gain assistance after the March 25, 2019 order issued, and therefore fails to demonstrate good cause exists to reopen discovery.  Plaintiff claims that he is actively seeking counsel but provides no details as to such efforts.

Moreover, at present, plaintiff is no longer incarcerated.  Thus, many of the impediments inmates face in litigating a case from prison no longer exist.  For example, plaintiff may now attend the Sacramento County Public Law Library at 609 Ninth Street, Sacramento, California.

While the court is sympathetic to plaintiff's adjustments to parole and any difficulties he has had in litigating this action, plaintiff has demonstrated that he is capable of litigating this action and responding to court orders and defendants' filings.

Accordingly, the undersigned finds that plaintiff has failed to demonstrate that the factors weigh in favor of granting plaintiff a stay of this action. Plaintiff is cautioned that as a pro se litigant, he is responsible for diligently prosecuting his own action.

That said, in an abundance of caution, plaintiff is provided an opportunity to file a motion to reopen discovery, provided he can demonstrate good cause and demonstrate his diligence. Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992).

In light of this order, the pretrial motions deadline is continued to December 4, 2019. At this time, discovery remains closed. If plaintiff chooses not to move to reopen discovery, the case will proceed as modified by this order.

In the meantime, should plaintiff retain counsel, plaintiff should have his attorney notify the court and defendants' counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay (ECF No. 34) is denied without prejudice;

2. Plaintiff is granted thirty days in which to file a motion to reopen discovery; and

3. In light of this order, the pretrial motions deadline (ECF No. 30) is continued to December 4, 2019.

Dated: September 10, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/eila1042.mts