UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY CHARLES EILAND,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMETNO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | No. 2:18-cv-1042 MCE KJN P<br><br><br><br>ORDER |

Plaintiff is a former inmate, proceeding in forma pauperis and without counsel, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel.

Under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). "[N]either of these factors is dispositive and both must be viewed together before reaching a decision." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting Wilborn, 789 F.2d at 1331).

1

It is difficult to evaluate plaintiff's likelihood of success at this early stage of the proceedings. However, the undersigned finds that plaintiff has competently articulated his claims in light of the complexity of the issues involved. For these reasons, plaintiff's motion for appointment of counsel is denied without prejudice to its renewal at a later stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 39) is denied without prejudice.

Dated: October 23, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

eila1042.31