UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY CHARLES EILAND, | No. 2:18-cv-1042 MCE KJN P |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a former prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On August 7, 2020, defendants Tam and Walden were granted summary judgment and dismissed from this action. No other defendant has been served or appeared in this action. By order filed October 16, 2018, plaintiff's amended complaint was screened, and plaintiff was informed that although he had adequately pled facts against multiple Doe defendants, plaintiff must file discovery requests in an effort to discover the identities of such Doe defendants.[1] (ECF No. 16 at 2.) As discussed below, because plaintiff has not timely identified an individual and

////

---

[1] Plaintiff alleges that while housed at the Sacramento County Main Jail as a pretrial detainee, following an injury sustained on or about May 5, 2016, various defendants were deliberately indifferent to his serious medical needs by failing to ensure he received timely surgery to repair the near 100% Achilles tear plaintiff sustained to his left ankle and calf area, as well as to ensure adequate medical treatment for his severe pain thereafter.

1

sought to timely substitute such individual for his or her "John Doe" cause of action, plaintiff is ordered to show cause why this action should not be dismissed without prejudice.

### Relation-Back Doctrine

Rule 15(c) of the Federal Rules of Civil Procedure, not state law "Doe" pleading practices, governs whether new defendants may be added and if so, whether the claims against them would relate back to the filing of the initial complaint. See Santana v. Holiday Inns, Inc., 686 F.2d 736, 740 (9th Cir. 1982); Milligan v. Am. Airlines, Inc., 577 F. App'x 718, 719 (9th Cir. 2014) (holding in the context of a state law claim that "[c]ontrary to the district court's decision, Federal Rule of Civil Procedure 15(c) controls, not [California law]"). Rule 15(c)(1) states, in relevant part:  An amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15. Still, Rule 15(c) states that an amendment relates back when, among other things, "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Federal courts apply a state's relation back doctrine only when state law is more permissive than Rule 15(c). Butler v. National Community Renaissance of California, 766 F.3d 1191, 1200 (9th Cir. 2014) ("Rule 15(c)(1) incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient."); Merritt v. Cnty. of L.A., 875 F.2d 765, 768 (9th Cir. 1989) ("We reached this determination despite the fact that substitution of the additional defendants would have violated the notice

1    requirements of the federal rule.  Under California relation back rules, there is no notice-to-

2    defendants requirements as in the federal rule.").  See Fed. R. Civ. P. 4(m).[2]

3          California Code of Civil Procedure § 473(a)(1) allows the trial court to permit a party "to

4    amend any pleading . . . by adding or striking out the name of any party, or by correcting a

5    mistake in the name of a party, or a mistake in any other respect. . . ."  Cal. Civ. Proc. Code

6    § 473; Hawkins v. Pac. Coast Bldg. Prod., Inc., 124 Cal. App. 4th 1497, 1503 (2004).

7          The general rule is that an amended complaint substituting an actual defendant for a

8    fictitious one relates to the date of the original complaint, thereby defeating the bar of the statute

9    of limitations, provided it seeks recovery on the "same general set of facts" as alleged in the

10   original complaint.  Woo v. Superior Court, 75 Cal. App. 4th 169, 176 (1999); Austin v. Mass.

11   Bonding & Ins. Co., 364 P.2d 681 (1961).  Under California Code of Civil Procedure § 474,

12   where a complaint does not add a 'new' defendant, "but simply corrects a misnomer by which an

13   'old' defendant was sued" then the amended complaint relates back to the original complaint.

14   Cal. Civ. Proc. Code § 474.  The Ninth Circuit has applied § 474 when determining whether the

15   naming of a defendant in a subsequent complaint relates back to the filing of the original

16   complaint.  See Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988);

17   Dorfman v. Massachusetts Cas. Ins. Co., 2015 WL 7312413, at *5 (C.D. Cal. Nov. 19, 2015)

18   ("Under § 474, the defendant identified by a fictitious name is considered a party from the

19   commencement of the suit for statute of limitations purposes."); Kubal v. Discount Tire.com,

20   2012 WL 3648607, at * 3 (S.D. Cal. Aug. 23, 2012) ("[D]istrict courts in California regularly

21   apply section 474 even where defendants are newly-named in an amended complaint rather than

22   explicitly substituted for Doe defendants.").

23   ////

24   ////

---

26   [2] Rule 4(m) provides:  "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

Discussion

Plaintiff was required to promptly move pursuant to Rule 15 to file an amended complaint to add subsequently-identified individuals as defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003) (Brass failed to seek leave of court to add new defendants or to file an amended complaint).  If the timing of an amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action.  To date, plaintiff has failed to do so.  Therefore, plaintiff is ordered to show cause why the John Doe defendants should not be dismissed, and this action terminated. Fed. R. Civ. P. 41(b).  Plaintiff is cautioned that failure to respond to this order to show cause will result in an order dismissing this action.

Accordingly, IT IS HEREBY ORDERED that within sixty days from the date of this order, plaintiff shall show cause why the John Doe defendants should not be dismissed, and this action terminated.  Fed. R. Civ. P. 41(b).

Dated:  August 11, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/eila1042.doe.osc

4