UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY CHARLES EILAND, | No. 2:18-cv-1042 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate,[1] proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. Defendants Tam and Walden oppose the motion. On June 3, 2020, the undersigned recommended that defendants Tam and Walden be granted summary judgment. On August 7, 2020, the district court adopted the findings and recommendations. On August 12, 2020, plaintiff was granted sixty days in which to show cause why the Doe defendants should not be dismissed and this action terminated based on his failure to timely seek leave to amend to add new defendants or to file an amended complaint.

////

---

[1] Plaintiff was housed at the Sacramento County Jail from about February 19, 2016, through late July 2017. (ECF No. 48 at 2.) He filed a change of address on July 8, 2019, reflecting a change of address from the Golden State Modified Community Correctional Facility at McFarland, CA, to 5741 28th Street, Sacramento, CA. (ECF No. 33.)

1

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 46) is denied without prejudice.

Dated:  September 15, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/eila1042.31